DEADMAN *v.* DETROIT, JACKSON & CHICAGO RAILWAY.

RAILROADS—CROSSING ACCIDENT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In an action for personal injuries, where the truck which plaintiff was driving stalled on defendant's tracks on a highway crossing, and, before attempting to fix the gears, which caused the trouble, plaintiff looked both ways and no car was in sight within three-quarters of a mile and about a minute later, and before he looked again, he was struck by defendant's interurban car running at great speed, the trial court was in error in holding that plaintiff was guilty of contributory negligence as a matter of law; the record rather presenting a case of wanton and wilful negligence on the part of defendant.

Error to Wayne; Webster (Arthur), J. Submitted April 11, 1923. (Docket No. 50.) Decided June 4, 1923.

Case by Austin H. Deadman against the Detroit, Jackson & Chicago Railway for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Yerkes, Simons & Goddard,* for appellant.

*William G. Fitzpatrick* (*William E. Tarsney,* of counsel), for appellee.

MCDONALD, J. This is an action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. From a directed verdict against him the plaintiff has brought the case here by writ of error. The accident occurred on a busy public crossing over defendant's tracks at the

On duty to look and listen before crossing interurban electric railway on company's own right of way, see note in 23 L. R. A. (N. S.) 1224.

intersection of Michigan and Rosalie avenues, two miles beyond the western limits of the city of Detroit. Michigan avenue is a main thoroughfare running from the center of the city west to Dearborn and beyond. On the north side of this avenue the defendant maintains a single track over which it operates interurban cars. On Rosalie avenue a contractor was engaged in building sidewalk. One Arthur Bordeau had a contract to haul gravel and other materials to this contractor. On the morning of the accident there had been delivered to him a new automobile dump truck which he had purchased from the Acason Motor Truck company. The plaintiff was an employee of this company. He had been sent with Bordeau to see that the truck worked properly. They had hauled one load of gravel and were on their way with the second when the accident happened. On the first trip they had experienced some trouble with the gear shifting apparatus, but were able to correct it in a few seconds. On the second trip they had reached the point on Michigan avenue where it intersects with Rosalie. In making the crossing on to Rosalie avenue, because of the narrow street, the length of the truck and the consequent shortness of the turn, they were compelled to stop on the track, straighten the wheels and back up. At the time in question the truck was driven onto the track and stopped. Bordeau was driving. When he undertook to shift the gears he discovered the same trouble that they had experienced on the first trip. He called plaintiff's attention to the fact, and before undertaking to fix it both parties looked up and down the track to see if an interurban was approaching. To the east they had an unobstructed view for several miles, to the west for three-quarters of a mile. They saw nothing and proceeded to remedy the trouble in the

gear.   They did not look again.   They had been at work for about a minute when one of the defendant's cars coming from the west at a high rate of speed ran into them.   The motorman in charge of the car had a plain view of the truck for a distance of three-quarters of a mile.   When within 200 feet he whistled an alarm, and without any attempt to stop or slacken its speed, abandoned control of the car and ran into the smoking compartment.   The plaintiff was very seriously injured.   The defendant offered no testimony, but on the conclusion of the plaintiff's case made a motion for a directed verdict on the ground that he was guilty of contributory negligence, which negligence was concurrent and continuous up to the time of the accident.   The motion was granted.

The record presents but one question, viz., did the court err in holding that the plaintiff was guilty of contributory negligence as a matter of law, and in directing a verdict for the defendant?   Whether the plaintiff was guilty of contributory negligence must be determined from all of the surrounding circumstances and the situation that presented itself to him at that time.   He was rightfully upon the track with a five-ton truck which he could not move forward without going into a ditch, and which he could not move backward because the gear would not shift into reverse.   He understood the trouble with the gear shifting apparatus.   He had reason to believe that he could remedy it in a few seconds.   He had done so on the first trip that morning.   He knew that he was in a place of danger.   He looked to the east in which direction he had a clear view for several miles.   He looked to the west in which direction he had an unobstructed view for three-quarters of a mile.   He saw no interurban car approaching from either direction,

and at once went to work to repair the gear. He and his companion were thus engaged, for 50 or 60 seconds without again looking before the defendant's car hit them. It was because of his failure to look for approaching cars during this interval in which they were at work in an attempt to remedy the trouble in the gear that moved the circuit judge to hold the plaintiff guilty of contributory negligence. We think the court was in error. The trouble which prevented the plaintiff from moving the truck was slight; he knew it. He was an expert mechanician, and from his experience on the first trip had good reasons for believing that he could fix it in a few seconds. To do so it was necessary for him to get inside the cab and bend over in such a position that it was impossible for him to look down the track. Before doing this he looked to ascertain if there was immediate danger from approaching cars. He knew there was no car within three-quarters of a mile. He knew that the motorman of an approaching car could see the truck on the track for that distance, and he had a right to assume that the motorman would slow down his car and give timely notice of his approach. In the absence of obvious personal danger, it was his duty to save the property of his employer and clear the track for the defendant. He was rightfully directing his attention to that work when defendant's car, abandoned by the motorman and running wild, crashed into the truck. Under these circumstances can it be said that he was guilty of contributory negligence, as a matter of law, because he failed to look down the tracks during the minute he was at work in trying to remove the truck? We think not.

The circuit judge was of the opinion that the question was controlled by *Krouse* v. *Railway Co.,* 215 Mich. 139. In that case the plaintiff's decedent sat

in an automobile which was stalled on the track, with no duty except to look after her own safety. Notwithstanding the fact that she was warned of her danger and told to get out of the machine, and that she saw the interurban car bearing down upon her at a high rate of speed, she sat still, making no effort to escape until it was too late. These facts clearly distinguish it from the instant case.

The court was in error in holding that plaintiff was guilty of contributory negligence as a matter of law. He might correctly have said that the record presented a case of wanton and wilful negligence on the part of the defendant. As to the plaintiff, his negligence was a question for the jury.

The judgment is reversed and a new trial granted. The plaintiff will have costs.

FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, C. J., did not sit.