## STEELE *v.* STAHELIN.

1. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE —
QUESTION FOR JURY.

In an action for personal injuries caused to plaintiff by
being struck by defendants' automobile as she attempted
to reach the curb after alighting from a street car, the
contributory negligence of plaintiff, *held*, under the evi-
dence, a question for the jury.[1]

2. SAME—AUTOMOBILE STOPPED BY STREET CAR MAY NOT START
TILL SAFE TO DO SO.

The purpose of requiring automobiles to stop when about
to overtake a street car standing to take on or let off
passengers is to safeguard human life, and the restraint
is not lifted with the starting of the street car but remains
until travel can be resumed with safety to persons in the
street needing to reach the street curb.[2]

3. SAME—DISCOVERED NEGLIGENCE—TRIAL—INSTRUCTIONS.

Where defendants' testimony justified the submission of
the question of discovered negligence to the jury, the trial
court properly instructed them that plaintiff could not
recover if her own want of care contributed to the accident,
unless her danger was discovered by defendants in time
to have prevented it, if reasonable care had been exercised.[3]

4. TRIAL—DAMAGES—QUESTION OF PERMANENT INJURIES PROPERLY
SUBMITTED TO JURY.

In view of the fact that before the jury could consider
the answer to a hypothetical question as to plaintiff's
permanent injuries, every assumed fact therein stated must
be found to be true under the evidence, and that after
eliminating said question sufficient evidence remained to
support submission of the question of permanent injuries
to the jury, there was no error in submitting said question
to them.[4]

5. EVIDENCE—EXCLAMATIONS OF PAIN—PHYSICAL CONDITIONS.

Although exclamations of pain, if any, while being ex-

[1]Motor Vehicles, 28 Cyc. p. 49; [2]Id., 28 Cyc. p. 28 (Anno);
[3]Id., 28 Cyc. p. 49; [4]Damages, 17 C. J. § 361.

Duty of operator of automobile when near street cars, see note
in 38 L. R. A. (N. S.) 493.

amined by a doctor in preparing for the trial are inadmissible, existing conditions calculated to produce pain and suffering may be shown.[5]

6. SAME—TESTIMONY AS TO CONDITIONS CAUSING PAIN ADMISSIBLE. In a personal injury action, testimony of the doctor as to the examinations and tests he had made, and that he found a condition of soreness and rigidity necessarily occasioning plaintiff intense pain in attempting a bodily movement, was properly admitted.[6]

Error to Wayne; Moynihan (Joseph A.), J. Submitted January 19, 1926. (Docket No. 91.) Decided March 20, 1926.

Case by Eleanor A. Steele against Hattie Stahelin and another for personal injuries. Judgment for plaintiff. Defendants bring error. Affirmed.

*Charles C. Conklin (Don W. Van Winkle, of counsel), for appellants.*

*John G. Cross, for appellee.*

WIEST, J. While passing from a street car to the street curb, plaintiff was struck by an automobile owned and being used by defendant John F. Stahelin and driven by defendant Hattie Stahelin, his daughter, and received injuries. This suit was brought to recover damages. Plaintiff had verdict and judgment and defendants review by writ of error.

Defendants insist that plaintiff was guilty of contributory negligence and their motion for a directed verdict on that ground should have been granted. Plaintiff claimed she got off the trailer of the street car and looked for oncoming traffic, saw an automobile approach and come to a stop, and then she started for the curb and was struck just before she reached it. Defendants claimed that plaintiff got off the street car

[5]Evidence, 22 C. J. § 762; [6]Id., 22 C. J. § 762.

trailer, the car then started and she ran directly in front of the automobile; that they saw her at all times, reduced the speed of the automobile to about 10 miles per hour and then put on the brakes and endeavored to save her from injury but struck her with a fender. The evidence presented an issue of fact for the jury and not of law for the court.

.The purpose of requiring automobiles to stop, when about to overtake a street car standing to take on or let off passengers, is to safeguard human life, and the restraint is not lifted with the starting of the street. car but remains until travel can be resumed with safety to persons in the street needing to reach the street curb.

The circuit judge instructed the jury that plaintiff could not recover, if her own want of care contributed to the accident, unless her danger was discovered by defendants in time to have prevented the accident if reasonable care had been exercised.    Defendants' testimony justified submission of the question of discovered negligence and the instruction given sufficiently presented such issue and precluded consideration of concurrent negligence.

There was medical evidence, apart from the hypothetical question, from which the jury could find the injuries were permanent.    The hypothetical question was, possibly, too highly colored, but it is well to remember that before the jury could consider the answer every assumed fact therein stated had to be found true under the evidence.    We spend no more time upon this subject, because the hypothetical question can be eliminated and still leave sufficient evidence to support submission of the question of permanent injury to the jury.

Exclamations of pain, if any, while being examined by a doctor in preparing for the trial were inadmissible, but existing conditions calculated to produce pain

and suffering could be shown.   The doctor laid before the jury the examinations and tests he made and said he found marked soreness and rigidity around the sacral iliac joint which impaired movement, and plaintiff's "turning on my table at my request, and also on attempting to rotate the sacral iliac joint by grasping both bones with one of my hands and telling the patient to attempt to do this motion; it caused her intense pain."   We do not think this testimony rests upon exclamations made by plaintiff, and, therefore, within the rule of exclusion, but shows a condition of soreness and rigidity, necessarily occasioning intense pain in attempting a bodily movement.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.