HOWELL *v.* HAKES.

1. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Where plaintiff, before turning left to cross pavement, saw defendant's car approaching at rapid rate of speed 300 to 500 feet away, but she did not look again until her car was struck, question of her contributory negligence was for jury.

2. SAME—CONCURRENT NEGLIGENCE.
   If, in automobile collision, both parties were at fault, doctrine of concurrent negligence would apply, and plaintiff could not recover.

3. NEGLIGENCE—CONCURRENT NEGLIGENCE—SUBSEQUENT NEGLIGENCE.
   Where there is concurrent negligence, doctrine of subsequent negligence has no application.

As to liability for collision between automobiles or an automobile and another vehicle at or near corner of street or highway, see annotation in L. R. A. 1916A, 745.

4. SAME—PROXIMATE CAUSE.

> In order that there be intervening negligence on part of defendant, it is necessary that plaintiff's antecedent negligence as proximate cause should have ceased.

Error to Ingham; Carr (Leland W.), J. Submitted April 24, 1930. (Docket No. 93, Calendar No. 34,547.) Decided October 3, 1930.

Case by Nellie M. Howell against John Hakes for personal injuries. From a judgment for defendant, plaintiff brings error. Affirmed.

*James A. Greene,* for plaintiff.

*Charles P. Vannote* and *A. M. Cummins,* for defendant.

McDONALD, J. This is an action to recover damages for personal injuries received in an automobile collision. The plaintiff was riding in a Ford car driven by Mrs. Granger. Their way led westerly on a paved trunk line between Lansing and Charlotte. They intended to cross the highway to the left at a point where it intersects with the county line road. When they reached the intersection, Mrs. Granger brought her car to a full stop. She and the plaintiff both looked to the west and say they saw defendant's car from 300 to 500 feet away coming toward them at a rapid rate of speed. Thinking they had time to cross, they turned to the left and as their car was over or nearly over the pavement, defendant crashed into them. The defendant says that when he first observed the Granger car, it was stopped, and, he supposed, was waiting for him to pass. When he saw it turning to cross the road, he applied his brakes and skidded for 70 or 80 feet but was unable to avoid the collision.

The case was tried by the plaintiff on the double theory of ordinary negligence and subsequent negligence. The trial court refused to submit the latter question to the jury. The verdict was no cause of action. A motion for a new trial was denied. Judgment was entered on the verdict, and a review is sought in this court on writ of error.

In a proper charge, the court left to the jury the claims as to the negligence of the defendant and the contributory negligence of the plaintiff. If he was right in refusing to submit the question of subsequent negligence, the verdict should not be disturbed unless it is contrary to the clear weight of the evidence. If the car in which plaintiff was riding was hit while it was on the pavement, her contributory negligence consisted not so much in attempting to cross the road in view of the traffic, but in failing to look while she was crossing. The evidence is quite conclusive that, after they had started to cross, neither of the women looked again in the direction from which they knew the defendant's car was approaching at a high rate of speed. As the circuit judge rightly said:

"Had they done so, it is quite conceivable that they would have seen the rapid approach of the defendant's car and by merely accelerating the speed of her car, Mrs. Granger might have avoided the impact."

There was also evidence from which the jury could have found the defendant guilty of negligence. If they found both parties were at fault and that the collision took place on the pavement, the doctrine of concurrent negligence would apply and plaintiff could not recover. If the collision took place after the plaintiff's car had crossed the pavement,

it was a question of ordinary negligence on the part of the defendant. If there was concurrent negligence, the doctrine of subsequent negligence could have no application. The theory of subsequent negligence is stated by Mr. Justice CLARK in *Gibbard* v. *Cursan,* 225 Mich. 311, 319, as follows:

"The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause. Cooley on Torts (2d Ed.), page 674. *Labarge* v. *Railroad Co.,* 134 Mich. 139."

In order that there be intervening negligence on the part of the defendant, it is necessary that the plaintiff's antecedent negligence as a proximate cause should have ceased. The evidence is that it continued up to the time of the impact, that is, assuming that the cars collided on the pavement. The doctrine of subsequent negligence is not applicable. The court was right in refusing to submit it. We find no error.

The judgment is affirmed, with costs to the defendant.

WIEST, C. J., and BUTZEL, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.