SMARINSKY *v.* MARKOWITZ.

1. Negligence—Subsequent Negligence—Pedestrian Crossing Street—Changing Traffic Light.

Issue is one of subsequent negligence where pedestrian started to cross street at night at well-lighted intersection with signal light in his favor and, while light was changing, motorist approached, saw pedestrian and struck him.

2. Motor Vehicles—Changing Traffic Light—Pedestrian Crossing Street.

Changing of traffic signal light does not authorize motorist to proceed without waiting for pedestrians properly on the crossing to get safely across, and while pedestrian may not loiter he is not required to run to his destination.

3. Negligence—Subsequent Negligence—Continuing or Concurrent Negligence.

Rule of subsequent negligence is applied in this jurisdiction so there is no room for doctrine of continuing or concurrent negligence.

4. Motor Vehicles—Subsequent Negligence—Evidence.

Evidence presenting issues of fact for the jury *held*, to justify verdict evidently finding motorist guilty of subsequent negligence.

Appeal from Wayne; Miller (Guy H.), J. Submitted October 3, 1933. (Docket No. 12, Calendar No. 37,121.) Decided December 19, 1933.

Case by Esther Smarinsky, administratrix of the estate of Joseph Smarinsky, deceased, against Max Markowitz for personal injuries resulting in death of plaintiff's decedent, sustained when defendant's automobile struck decedent at street intersection. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Maurice Schwartz,* for plaintiff.

*David E. Roberts,* for defendant.

WIEST, J.   Plaintiff's decedent, Joseph Smarinsky, while crossing at a street intersection in the city of Detroit, was fatally injured by an automobile driven by defendant.  Traffic at the intersection was regulated by lights.  The accident was in a business district where speed of an automobile was limited to 15 miles per hour.  The accident was late in the evening but the intersection was well lighted. Plaintiff's decedent started to cross the street with the traffic light in his favor and against defendant's crossing but, while in the act of crossing, the light changed, and defendant drove on and his automobile struck the pedestrian and knocked his body to about the center of the intersection.

The jury evidently found that plaintiff's decedent was guilty of negligence in not noticing the change of light and defendant's approach, but that defendant was aware of his position in time to have avoided the accident, had he exercised reasonable care.  Plaintiff had verdict and judgment for $5,500 and defendant, upon appeal, presents three questions:

"1.  Did the negligence of the deceased constitute continuing or concurring negligence?

"2.  If the negligence of the deceased continued up to the time of the impact, should the doctrine of subsequent or discovered negligence be applied?

"3.  Did the court err in refusing to charge the jury that the doctrine of subsequent negligence could not apply if the negligence of the deceased continued up to the time of the impact?"

Counsel for defendant contends that, if decedent's negligence placed him in danger and continued up

to the time of the collision then, even though defendant was guilty of negligence, there can be no recovery.

We need but say that the issue at bar was one of subsequent negligence. When defendant approached the intersection the red light was against him and he saw the pedestrian crossing under its protection. This called upon him to exercise care commensurate with the circumstances. It is true the light changed just as defendant reached the intersection but he approached the intersection with the warning that pedestrians were invited to cross and saw the pedestrian crossing. Such invitation to cross and protection while doing so did not cease upon change of light while the pedestrian was in the act of crossing. The change of light did not authorize defendant to continue his course at high speed, regardless of circumstances open to his view.

As said in *Railway Express Agency* v. *Little* (C. C. A.), 50 Fed. (2d) 59 (75 A. L. R. 963), a very similar case:

"As to the traffic direction, it is practically undisputed that, when the plaintiff started to cross, she had the signal in her favor. This being so, she had the right of way over automobiles until she had reached the opposite curb, notwithstanding the fact that the signal changed while she was in the act of crossing. If the defendant's car moved forward with the signal without waiting for pedestrians properly on the crossing to get safely across, it was just as much a violation of traffic regulation as if it had moved against the signal."

The pedestrian may not loiter but he is not required to run to his destination.

Defendant knew that plaintiff's decedent was upon the crossing and if the automobile continued

its course there would be a collision, and he had means at hand to prevent the collision if he had exercised care commensurate with what he actually saw.

Counsel for defendant cites cases from other jurisdictions upon the question of concurrent negligence. In this jurisdiction, where we apply the rule of subsequent negligence, there is no room for the doctrine of continuing or concurring negligence.

The court instructed the jury upon the subjects of contributory negligence and subsequent negligence. The evidence presented issues of fact for the jury and the jury evidently found defendant guilty of subsequent negligence. Such verdict was justified by the evidence.

We find no reversible error, and the judgment is affirmed, with costs to plaintiff.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.