## MOLDENHAUER v. SMITH.

1. JURY—ACQUAINTANCE WITH A PARTY—FINDING OF COURT.
   Finding of circuit judge, made after exhaustive examination, that certain jurors in personal injury case had not previously known defendant owner or his son, the driver involved, as claimed by plaintiff, *held*, supported by record.

2. AUTOMOBILES—PEDESTRIANS—DUE CARE IN USE OF HIGHWAYS.
   Pedestrians upon a public highway have a right to assume in the first instance that a motorist will use ordinary care and caution for the protection of pedestrians, but the latter must not rest content on such assumption if there comes a time when a pedestrian knows or ought to know by the exercise of reasonable care that he is endangered since he must take such care for his own safety as a reasonable, careful, prudent person would do under similar circumstances.

3. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW.
   Pedestrian, crossing street at midnight in midwinter, who was guilty of contributory negligence as a matter of law in leaving place of safety and proceeding into zone of danger in path of rapidly-approaching car may not complain of errors in charge to jury.

Standard of conduct to which plaintiff must conform, see 2 Restatement, Torts, §§ 283–285, 463, 464; contributory negligence as a matter of law, see §§ 432, 463, comment b, 464, comment a, 466, comment g.

Appeal from Saginaw; Neuenfelt (Lila M.), J., presiding. Submitted April 3, 1945. (Docket No. 10, Calendar No. 42,747.) Decided May 14, 1945.

Case by Elsie M. Moldenhauer against Andrew Smith for personal injuries sustained when she was struck by defendants' automobile. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Crane & Crane,* for plaintiff.

*Heilman & Purcell,* for defendant.

BUSHNELL, J. Plaintiff Elsie M. Moldenhauer brought this action for the loss of her salary as a school teacher and for personal injuries, as the result of an accident which occurred about midnight on February 1, 1941, at the intersection of East Genesee avenue and Park street in the city of Saginaw.

Accompanied by her husband, plaintiff, crossing East Genesee avenue in a northerly direction on the west crosswalk, paused in the center of the street to await the passing of two motor vehicles proceeding in a westerly direction. She then observed defendant Andrew Smith's automobile coming from the east about 75 feet from where she was standing. Believing that she could continue in safety she rapidly crossed the remainder of the avenue. As she was about to reach the northerly curb she observed the Smith car bearing down on her, attempted to run and jump out of the way, but was struck. Olson Smith, defendant's son, who was driving with the permission of his father, had with him a young lady and another couple. Olson stated that, while crossing the intersection, he was traveling at about 25 to 30 miles an hour, observed the two cars ahead

of him, and when he noticed a couple walking across the street he swung to the left but did not realize that he had struck anyone until he was informed by one of his passengers. He then stopped and returned to the scene of the accident.

Trial was had before a jury, which returned a verdict in favor of the defendant. Error is claimed by appellant on the court's instructions to the jury, hereinafter discussed, and in the denial of plaintiff's motion for new trial, on the ground that the verdict is contrary to the great and overwhelming weight of the evidence.

In plaintiff's motion for new trial, it is charged that the verdict was obtained by improper methods, prejudice or sympathy, and that the court and plaintiff's attorneys were misled by the failure of certain members of the jury to honestly disclose on their *voir dire* examination that they were intimately acquainted with defendant Andrew Smith and his family, and were members of the same social organizations. This charge is set out in considerable detail and is supported by the affidavits of plaintiff's attorney, a disinterested party, and a woman who made an investigation after the verdict, at the request, and in the employ, of plaintiff's counsel. Because of the nature of these charges, the trial judge conducted an exhaustive examination of the matter, which is reported in full in the record and to which is added a portion of the *voir dire* examination. Our consideration of this portion of the record requires agreement with the conclusion reached by the trial judge that the jurors concerned were honest in their statements that they did not know the defendant or his son, and that neither juror made false statements to the court.

In giving instructions to the jury the circuit court had before it defendant's written requests to charge. Plaintiff contends that, in giving some of the charge

in defendant's proposed language, the law as to plaintiff's contributory negligence, if any, was unduly emphasized, and that it was prejudicial to charge the jury:

"If you find that she was guilty of any negligence at all, no matter how slight, which contributed to this accident, she cannot recover, even though you might find that Olson Smith, the driver, was also guilty of negligence."

According to appellant, another portion, in which plaintiff's pedestrian right of way was discussed, attempted to belittle the city ordinance providing for such right of way. It is also urged that it was error to charge plaintiff with contributory negligence if she attempted to cross the intersection when defendant's automobile was so near the crosswalk, and it was error to charge the general rule to be that a pedestrian "must look and keep on looking, see what is plain to see, and thus avoid being struck by a car coming in a straight line toward her." Other criticisms are made of the court's charge, the most strenuous of which is with respect to defendant's request No. 13, which was given in full as follows:

"If you find that plaintiff took a chance in crossing in front of defendant's vehicle and was injured because of it, the plaintiff would be guilty of contributory negligence and your verdict should be of no cause of action in favor of the defendant."

It is claimed that this portion of the charge made it impossible for plaintiff to recover under any circumstances, in that:

"People take chances every day in practically everything they do and the crossing of a street in a downtown business district having heavy traffic is

always taking a chance in the common usage of that word.''

It is further urged that this portion of the charge held, in effect, that plaintiff was guilty of contributory negligence as a matter of law. Plaintiff claims support for her argument in this respect by the trial judge's statement in denying a motion for new trial, where, in recounting the facts pertaining to plaintiff's conduct, the trial judge said:

''The Court was not given the opportunity to determine the motion for directed verdict by defendant upon the question of contributory negligence, and the Court feels that, under the decisions of our Supreme Court, from the facts in this case, where plaintiff continually watched the automobile approaching a distance of 92 feet, while she traveled a distance of 26 feet, the car traveling at the rate of 30 miles an hour, that the car and she reached the same point at the same time; and that, if plaintiff had been watching the automobile, as she definitely insists in her own testimony that she did, then she certainly should have seen her danger and avoided it. Such conduct on the part of plaintiff is so clearly careless and in disregard of ordinary watchfulness in traffic that this court is convinced that she is guilty of contributory negligence, as a matter of law.''

In *Moore* v. *Noorthoek,* 280 Mich. 431, where the injured pedestrian, having 21 feet to go to reach the nearest curb, noticed the rapidly-approaching car and ran to escape, it was held that plaintiff's contributory negligence was a question for the jury.

As was said in *Block* v. *Peterson,* 284 Mich. 88, 94, quoting from *Kerns* v. *Lewis,* 246 Mich. 423:

'' 'While the law accords the right of way, it requires, as well, the exercise of at least ''horse sense.'' The statute does not authorize one, in approaching

a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.' "

As stated in the above case, "both parties must use due care."

The applicable law is stated in *Pearce* v. *Rodell,* 283 Mich. 19, 37:

"Pedestrians upon the public highway have a right to assume in the first instance that the driver of an automobile will use ordinary care and caution for the protection of pedestrians, nevertheless the pedestrian must not rest content on such assumption, if there comes a time where he knows, or ought to know by the exercise of reasonable care, he is being placed in danger. He must take such care for his own safety as a reasonable, careful, prudent person would do under similar circumstances."

In the instant case the conclusion is inescapable that plaintiff was guilty of contributory negligence, as a matter of law, in leaving a place of safety and proceeding into a zone of danger in the path of a rapidly-approaching automobile. Since the trial judge would have been fully justified in directing a verdict for defendant as a matter of law, the claimed errors in the charge become inconsequential. The judgment for defendant is affirmed, with costs to appellee.

Starr, C. J., and North, Butzel, Sharpe, and Reid, JJ., concurred with Bushnell, J.

Wiest, J. (*concurring*). I am for affirmance on the ground that the issue of plaintiff's contributory negligence under the evidence was a fact for determination by the jury. The instruction to the jury on that issue covered essentials and there was no

reversible error in not giving plaintiff's proposed amplifications.

I do not find the judgment in the printed record but the return in the clerk's office shows the judgment was entered on the verdict of the jury.

BOYLES, J., concurred with WIEST, J.