CONANT *v.* BOSWORTH.

1. NEGLIGENCE—ANTECEDENT NEGLIGENCE.

It is necessary that plaintiff's antecedent negligence as a proximate cause should have ceased, in order that there be intervening negligence on the part of the defendant for which liability would be imposed.

2. AUTOMOBILES—NEGLIGENCE—EVIDENCE—PEDESTRIANS.

Evidence established eastbound motorist was negligent in striking plaintiff southbound pedestrian as she crossed street after having alighted from bus.

3. NEGLIGENCE—DOCTRINE OF SUBSEQUENT NEGLIGENCE.

In order to apply the doctrine of subsequent negligence so as to permit recovery by plaintiff, her negligence must have placed her in a position of danger and then ceased to operate as a proximate cause, and it must be clearly proved that defendant must have discovered, or by the exercise of ordinary care and diligence should have discovered, plaintiff's peril and have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand and failed to use it to avert the threatened injury.

4. SAME—CONCURRENT NEGLIGENCE—SUBSEQUENT NEGLIGENCE.

Plaintiff may not recover damages for injuries sustained where defendant's negligence was concurrent with, and not subsequent to, plaintiff's contributory negligence.

5. AUTOMOBILES—PEDESTRIANS—CONCURRENT CONTRIBUTORY NEGLIGENCE.

Contributory negligence of southbound pedestrian who had just alighted from westbound bus, prevented her recovery

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 8] 38 Am Jur, Negligence § 215 *et seq.*
Doctrine of last clear chance. 92 ALR 47; 119 ALR 1041; 171 ALR 365.
[4, 5] 38 Am Jur, Negligence § 174 *et seq.*
[6] 14 Am Jur, Courts § 79.

from eastbound motorist, where she failed to keep a proper outlook for her own safety while crossing 22-foot pavement, especially the south half, as her negligence was concurrent and precluded recovery on the last clear chance or subsequent negligence doctrine.

6. COURTS—CONSTRUCTION OF OPINIONS.

The opinion of the Supreme Court in a personal injury case must be read in the light of the facts involved.

7. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—INSTRUCTIONS.

Pedestrian who was guilty of contributory negligence as a matter of law may not complain of claimed errors in court's instructions to the jury in her action against motorist.

8. SAME—SUBSEQUENT NEGLIGENCE—EVIDENCE—CONTRIBUTORY NEGLIGENCE AS A MATTER OF LAW.

Testimony must be construed as strongly as reasonably possible in favor of plaintiff pedestrian in her action against motorist, where trial court in effect declined to permit jury to apply doctrine of subsequent negligence where plaintiff, a 44-year-old woman in good health and with normal vision, ventured from a place of safety into a position of danger without looking in either direction and was guilty of contributory negligence as a matter of law.

Appeal from Eaton; McDonald (Archie D.), J. Submitted October 9, 1951. (Docket Nos. 57, 58, Calendar Nos. 45,174, 45,175.) Decided January 7, 1952.

Separate actions of case by Marjorie C. Conant and Frank N. Conant against Richard C. Bosworth for injuries sustained when plaintiff Marjorie C. Conant was struck by defendant's automobile. Cases tried together. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Person & Searl,* for plaintiffs.

*Ballard, Jennings, Bishop & Ellsworth (Everett R. Trebilcock,* of counsel), for defendant.

CARR, J. By agreement of counsel these cases were tried together in circuit court and the appeals have been consolidated. They arise from a traffic accident occurring on the 8th of March, 1949, on State trunkline highway M–43 a short distance west of the city of Lansing. Plaintiff Marjorie C. Conant was struck by an automobile driven by the defendant, and was severely injured. She brought suit to recover damages, and the other plaintiff, her husband, likewise sued to recover for the damages that he sustained arising from the injury to Mrs. Conant. As a matter of convenience the latter is herein referred to as plaintiff and appellant.

On the date mentioned plaintiff was a passenger on a bus traveling in a westerly direction on M–43. She alighted at Rosemary street, which runs south from the trunk-line highway otherwise referred to in the record as Saginaw street. On the trial plaintiff claimed that the bus stopped on the north side of the pavement, which at that place was 22 feet in width, and that she alighted on the shoulder. Thereupon she walked around the rear of the bus and at a point on the pavement some 3 or 4 feet from the north edge looked first to the east and then to the west for approaching traffic. Not seeing any automobiles approaching, she started across to the south on a line approximately identical with the center of Rosemary street. She testified that when at the middle of the pavement she "angled" to the west, it being her intention to proceed to her destination on the west side of Rosemary. She was nearly across the pavement when she observed defendant's automobile approaching her within a distance of approximately 10 feet. She then tried to avoid being struck by defendant's car but was unable to do so.

At the conclusion of plaintiff's proofs defendant moved for a directed verdict, alleging that negligence on the part of defendant had not been shown and

that, in any event, plaintiff's testimony indicated that
she was guilty of contributory negligence as a mat-
ter of law. The motion was taken under advisement
by the court in accordance with the provisions of the
Empson act (CL 1948, § 691.691 *et seq*. [Stat Ann and
Stat Ann 1949 Cum Supp § 27.1461 *et seq*.]). It was
renewed at the conclusion of the testimony, again
taken under advisement, and the case submitted to
the jury which determined the controversy in favor
of the defendant. Judgment was entered according-
ly. A motion for a new trial was made and denied.
On appeal plaintiff claims that because of errors prej-
udicial to her occurring in the course of the trial the
verdict and judgment should be set aside and a new
trial granted.

It was plaintiff's position in circuit court that un-
der the averments of her declaration, and under the
testimony, she was entitled to have her alleged cause
of action submitted to the jury on the theory of sub-
sequent negligence on the part of the defendant con-
stituting the proximate cause of the accident, as well
as on the basis of ordinary negligence. After charg-
ing the jury with reference to the matters of negli-
gence, proximate cause, contributory negligence,
credibility of witnesses, and other pertinent matters,
the trial judge gave plaintiff's request to charge on
the matter of subsequent negligence. It is appel-
lant's position that such charge was proper.

After deliberating for approximately 2 hours the
jury returned to the courtroom for further instruc-
tions. The statement of the foreman indicated that
the members of the jury were uncertain whether
they could consider "the degree of negligence" in
case they found both parties guilty of negligence
contributing to the accident. By way of further in-
structions the trial judge advised the jury that the
law of this State does not recognize degrees of neg-
ligence, and, further, "If there is any contributory

negligence on the part of the plaintiff, they cannot recover. That is the question. That is the answer." Thereupon the jury retired, and 10 minutes later returned the verdict. On behalf of plaintiff it is contended that the statement by the trial judge, above quoted, in effect withdrew from the jury the matter of subsequent negligence as a possible basis for recovery. It is argued that reversible error was thereby committed.

Assuming that a cause of action based on subsequent negligence was properly averred in the declaration, were the proofs on the trial sufficient to permit submission to the jury of plaintiff's claimed right to recover on that basis? Defendant asserts that if plaintiff was guilty of negligence such conduct continued until the accident was unavoidable. Attention is directed to prior decisions of this Court recognizing the rule that in a case where the negligence of the party seeking to recover damages has continued to the point where avoidance of injury is impossible, and such injury results from the concurring negligence of the parties, recovery on the theory of subsequent negligence is not permissible. In *Gibbard* v. *Cursan,* 225 Mich 311, it was said:

"When will gross negligence of a defendant excuse contributory negligence of a plaintiff? In a case where the defendant, who knows, or ought, by the exercise of ordinary care, to know, of the *precedent negligence* of the plaintiff, by his *subsequent negligence* does plaintiff an injury. Strictly, this is the basis of recovery in all cases of gross negligence. 20 RCL, p 145. Such gross negeligence is also sometimes called discovered negligence, subsequent negligence, wanton or wilful or reckless negligence, discovered peril, last clear chance doctrine, and the humanitarian rule. Other misconduct, different in kind, is also generally and incorrectly known as gross negligence, as we shall see later. *Richter*

v. *Harper,* 95 Mich 221; *Kelley* v. *Keller,* 211 Mich 404 (20 NCCA 228); *Fike* v. *Railroad Co.,* 174 Mich 167; *Knickerbocker* v. *Railway Co.,* 167 Mich 596; *Buxton* v. *Ainsworth,* 138 Mich 532 (5 Ann Cas 146).

"The theory of gross negligence is that the antecedent negligence of plaintiff only put him in a position of danger and was therefore only the remote cause of the injury, while the subsequently intervening negligence of the defendant was the proximate cause. Cooley on Torts (2d ed), p 674; *Labarge* v. *Railroad Co.,* 134 Mich 139 (14 Am Neg Rep 575).

"If the plaintiff is in a position which has become dangerous and he is free from negligence, and the defendant knows, or ought by the exercise of ordinary care to know, of plaintiff's peril, and nevertheless negligently injures him, there is no occasion to invoke the doctrine of gross negligence to excuse negligence of plaintiff, for there is no negligence of plaintiff to be excused. *Schnurr* v. *Railway,* 222 Mich 591.

"If the negligence of a plaintiff is concurrent with the negligence of a defendant, the rule as to antecedent negligence of plaintiff and subsequent negligence of defendant does not apply. The doctrine of gross, subsequent or discovered negligence may not be invoked to excuse concurrent negligence of a plaintiff. *Labarge* v. *Railroad Co., supra; Krouse* v. *Railway Co.,* 215 Mich 139; 1 Thompson on Negligence, § 208; 7 LRA NS 132, 152; 17 LRA NS 707; 19 LRA NS 446; 27 LRA NS 379; Huddy on Automobiles (5th ed), p 610. And see *Richter* v. *Harper,* 95 Mich 221, at page 225."

The above decision was cited and followed in *Howell* v. *Hakes,* 251 Mich 372, where it was recognized that if there was concurrent negligence of the parties the doctrine of subsequent negligence could have no application. With reference to the specific facts involved, it was said:

"In order that there be intervening negligence on the part of the defendant, it is necessary that the

plaintiff's antecedent negligence as a proximate cause should have ceased. The evidence is that it continued up to the time of the impact, that is, assuming that the cars collided on the pavement. The doctrine of subsequent negligence is not applicable. The court was right in refusing to submit it. We find no error.""

In the case at bar the facts established by the evidence were such as to fully support a conclusion that defendant was negligent in the operation of his automobile. The colloquy between the trial judge and the foreman of the jury at the time, above referred to, when instructions with reference to degrees of negligence were asked, suggests that the jurors had then determined that neither party had observed due care. Such was the situation in *Boerema* v. *Cook,* 256 Mich 266, in which the Court, after referring to the conduct of the plaintiff, said:

"His negligence consisted in failing to keep a lookout as he was crossing to see if he could continue on in safety. The requirement that one must use reasonable care for his own protection was not satisfied with the single observation which plaintiff made before entering the intersection. The situation was such as to call for further observation. Throughout the distance which he traveled before the collision his view was unobstructed. If he had looked again he would have seen the defendant nearby bearing down on him at a high rate of speed. If he had looked he would have realized his danger in time to have avoided the collision either by accelerating his speed or reducing it. In view of the circumstances, with which he was familiar, it must be held that he did not use ordinary care for his own safety and cannot recover unless the defendant was guilty of subsequent negligence.

"The undisputed facts leave no room for application of that doctrine. The plaintiff's negligence continued up to the time of the accident. There is no

doubt of defendant's negligence. He drove up to and into the intersection without looking for other traffic. If he had looked he would have seen the plaintiff and could have avoided the collision by turning in behind him where there was ample room to pass. The controlling fact in this case is that neither of these parties saw the other until it was too late to avoid injury. Both were negligent and the negligence of each continued up to the moment of the accident. The trial court correctly disposed of the issue."

The position that this Court has taken in prior decisions is summarized in *Davidson* v. *City of Detroit,* 307 Mich 420, 430, 431:

"In order to apply the doctrine of subsequent negligence (also called discovered negligence, gross negligence, wilful, wanton or reckless misconduct, discovered peril, last clear chance—see *Gibbard* v. *Cursan,* 225 Mich 311), plaintiff's negligence must have put her in a position of danger, must have ceased to operate as the proximate cause of the accident, the defendant must have discovered plaintiff's peril or should by the exercise of ordinary care and diligence have discovered plaintiff's peril, the defendant must have had sufficient time and ability to avoid resulting harm by ordinary care and diligence in the use of the means at hand, and failed or omitted to use such care and diligence to avert the threatened injury. The proof should be clear and convincing that the defendant had discovered the plaintiff's peril, or should have done so by the exercise of ordinary care and diligence, and by the use of the means at hand have had time to avert the threatened injury. Under the above circumstances, the subsequent negligence of the defendant has been held to be the proximate cause of the injury, that the antecedent (although continuing) negligence of the plaintiff is no longer the proximate cause, and that therefore the contributory negligence of the plaintiff would not bar recovery. This rule has been announced in sub-

stance, and at various times in part, in numerous decisions of this Court, with occasional variations in language as applied to particular facts and circumstances. *Griewski* v. *Ironwood & Bessemer Railway & Light Co.,* 209 Mich 10; *Gibbard* v. *Cursan, supra; Howell* v. *Hakes,* 251 Mich 372; *Willett* v. *Smith,* 260 Mich 101; *Goss* v. *Overton,* 266 Mich 62; *Sherman* v. *Yarger,* 272 Mich 644; *Wells* v. *Oliver,* 283 Mich 168; *Wilson* v. *Michigan Interstate Motor Freight, Inc.,* 286 Mich 99; *Beaulieu* v. *City of Detroit,* 293 Mich 364; *Routt* v. *Berridge,* 294 Mich 666; *Agranowitz* v. *Levine,* 298 Mich 18; *Sloan* v. *Ambrose,* 300 Mich 188; *Mallory* v. *Pitcairn,* 307 Mich 40.

"The negligence of the defendant was concurrent with, not subsequent to, plaintiff's contributory negligence; and for that reason plaintiff cannot recover damages for the injury."

In the case at bar, if plaintiff was guilty of negligence in failing to keep a proper outlook for her own safety while crossing the pavement, and particularly while traversing the south half of such pavement in a southwesterly direction, the conclusion cannot be avoided that such negligence continued until it was too late to prevent the accident. Assuming negligence on the part of defendant, we have presented a situation in which there was such concurrent negligence as to preclude recovery on the last clear chance or subsequent negligence doctrine. We are in accord with the statement of the trial judge to that effect in his opinion denying the motion for a new trial.

*St. John* v. *Nichols,* 331 Mich 148, and *Phillips* v. *Marten,* 331 Mich 330, cited and relied on by appellant, are not at variance with the prior decisions above cited. We think the same comment is justified with reference to *Steele* v. *Stahelin,* 234 Mich 307, and *Smarinsky* v. *Markowitz,* 265 Mich 412, also cited by appellant. The opinion in each case must be

read in the light of the facts involved. In the *Steele Case* plaintiff claimed that she alighted from a streetcar, looked for oncoming traffic, saw the approaching automobile of defendant come to a full stop, started for the curb, and was struck before she reached it. Involved in the case was a municipal ordinance requiring automobiles to stop when overtaking a streetcar standing for the purpose of taking on or discharging passengers. Submission of the case to the jury on the theory of subsequent negligence as well as ordinary negligence was approved. A somewhat similar situation was presented in the *Smarinsky Case,* where plaintiff's decedent started to cross a street in the city of Detroit, with the traffic light in his favor. The light changed while he was crossing and he was struck by the automobile of the defendant who had proceeded immediately on the change. Submission of the right to recover on the theory of subsequent negligence was upheld. Language in the opinion in each of these cases recognized the inconsistency between subsequent negligence and the doctrine of continuing or concurring negligence. We think such language may be construed as indicating that under a given state of facts both doctrines may not, for obvious reasons, be applied. Otherwise the statements relied on by appellant are at variance with the decisions above cited, and must be regarded as overruled by later cases. Under the testimony in the case at bar, plaintiff was not entitled to go to the jury on the theory of subsequent negligence and may not, in consequence, claim error on the ground that the trial judge by his subsequent instruction in effect told the jury that it could not award damages to the plaintiff on such basis.

On the trial of the case testimony was received, over plaintiff's objection, that signs indicating a maximum speed limit of 45 miles per hour were posted along the highway on which the accident hap-

pened. On appeal it is claimed that the admission of such testimony was erroneous and was prejudicial to the plaintiff. Assignments of error are also predicated on the charge of the trial court. Defendant insists that plaintiff was guilty of contributory negligence as a matter of law, assuming negligence on the part of the defendant, and that for such reason consideration of the claimed errors is not required. It is argued that the motion for a directed verdict should have been granted at the conclusion of plaintiff's proofs. In this connection counsel for appellant emphasizes the testimony of defendant and his witnesses in certain particulars, claiming that submission of the issues of fact to the jury was justified thereby. However, in *Snyder* v. *Johnson*, 264 Mich 286, it was held that a defendant who had moved for a directed verdict at the conclusion of the plaintiff's proofs, which motion was in effect denied, was entitled to have the correctness of such action determined as of that time. Judgment for the plaintiff was reversed, without a new trial.

Defendant's claim that if plaintiff was guilty of contributory negligence as a matter of law, and if the failure to grant his motion for a directed verdict at the conclusion of her proofs was erroneous, the judgment should be affirmed without reference to the alleged errors claimed by plaintiff, finds support in *Moldenhauer* v. *Smith*, 311 Mich 265. The facts there were in many respects analogous to those in the case at bar. The plaintiff, while crossing a street in Saginaw, paused in the center to permit 2 automobiles to pass in front of her. She then observed defendant's car approaching about 75 feet away. Thinking that she could continue in safety, she proceeded on her way. As she was about to reach the northerly curb, she observed defendant's car very close to her and attempted to jump out of the way but was struck and injured. The jury returned a

verdict in favor of the defendant. There, as here, a new trial was sought on the basis of alleged errors in the course of the trial. With reference thereto it was said:

"In the instant case the conclusion is inescapable that plaintiff was guilty of contributory negligence, as a matter of law, in leaving a place of safety and proceeding into a zone of danger in the path of a rapidly-approaching · automobile. Since the· trial judge would have been fully justified in directing a verdict for defendant as a matter of law, the claimed errors in the charge become inconsequential. The judgment for defendant is affirmed, with costs to appellee."

In determining whether in the instant case plaintiff was guilty of contributory negligence as a matter of law the testimony must be construed as strongly as is reasonably possible in her favor. It is not disputed that at the time of the accident visibility was good. It was approximately 9:30 in the forenoon, and it is a fair inference from the record that the traffic on the highway in question was not heavy. Plaintiff had a clear view to the west for a distance of approximately 1,035 feet. According to her testimony, after taking her preliminary view on the north side of the pavement she walked directly south across the center line, then veered somewhat to the west. Her claim is fairly summarized in the following excerpt from her testimony:

"When I crossed from a place approximately 1 step in on the north edge of the pavement to a place on the south side of the pavement I was very near off from the pavement, I judge about 1 step, when I looked up and saw the Bosworth car. During that distance I saw no cars. There was nothing coming from either way when I looked. I had just stepped from behind the bus when I looked both ways. I didn't make any observations to the east as I was

crossing the pavement. I am sure that I was looking straight ahead after I took my observation both ways. That there,—that it was all clear. From a point about 1 step in from the north edge until I reached a point about 1 step from the south edge of the pavement, I walked straight but cut toward the west. My vision was centered directly ahead of me. I was looking ahead after I saw there was nothing coming from the west or the east. I could have, but I don't recall having made further observations in either direction during that period. I don't recall. In any event, I didn't see any automobile coming from the west until I reached that point 1 step in from the south edge of the pavement. There was nothing coming. When I first noticed Mr. Bosworth's car at that point, he was,—well, I couldn't tell the feet, but he was almost on top of me. I didn't hear the squeal of the brakes on Mr. Bosworth's car. I looked up and he was coming at me like this (indicating). That was on the south edge of the road. I couldn't say if he was partially off the road when I observed him, but I think he was on the shoulder and on the highway, as I remember."

Other statements by plaintiff are in accord with the foregoing. It thus appears that while crossing the pavement she did not look in either direction for approaching automobiles. Had she done so when in the center of the pavement, before entering on the south half, she could scarcely have avoided seeing defendant's approaching car. She was at the time 44 years of age, in good health, and with normal vision. Had she looked, it may be assumed that she would have remained where she was, in a position of safety insofar as defendant's car was concerned. Obviously, she did not exercise for her own safety the measure of care that a reasonably careful and prudent person would have exercised under such circumstances.

This Court has in prior decisions denied recovery under analogous facts. Thus in *Molda* v. *Clark,* 236 Mich 277, plaintiff claimed that before entering a place of danger she looked and did not see defendants' approaching car. In setting aside without a new trial verdict and judgment in her favor, this Court said:

"The rights of the parties to use the street were mutual and co-ordinate. Neither had superior rights. Assuming negligence of defendants, plaintiff was guilty of contributory negligence as a matter of law. That she testified of looking and seeing nothing is of no avail when the physical facts demonstrate that, had she looked, using ordinary care, she could and must have seen defendants' approaching car, and had she so looked, and so used ordinary care, she could have avoided injury. *Jones* v. *Armstrong,* 231 Mich 637; *Molby* v. *Railway,* 221 Mich 419."

In *Beers* v. *Arnot,* 308 Mich 604, the trial court directed a verdict for defendants and the plaintiffs appealed. There the plaintiff Kenneth Beers was struck by the automobile of the defendants while crossing a pavement. It was his claim that when he reached the center of the road he paused and looked for approaching traffic but did not see defendants' car. The judgment entered for defendants was affirmed, this Court concluding that if the plaintiff had made a proper observation as he stood in the middle of the highway he must have seen defendants' automobile approaching at a speed of 45 to 50 miles per hour. The attempt to walk across the south half of the pavement under the circumstances was negligence. Among other decisions of like import are: *Malone* v. *Vining,* 313 Mich 315; *Long* v. *Garneau,* 319 Mich 291; *Boyd* v. *Maruski,* 321 Mich 71.

Under the proofs in the cases at bar the trial judge should have directed verdicts for the defend-

ant at the close of plaintiff's proofs. In view of such conclusion it is unnecessary to consider the alleged errors to which appellant has referred. *Moldenhauer* v. *Smith, supra.* The judgments are affirmed, with costs to defendant.

NORTH, C. J., and DETHMERS, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. BUTZEL, J., did not sit.