KNEEBONE v. LAKE SUPERIOR DISTRICT POWER CO.

STREET RAILWAYS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DI-
RECTED VERDICT.

> Where, in action by pedestrian for personal injuries caused to her
> when she was struck by street car coming from behind, it
> appears that plaintiff was walking on street in front of car,
> and, at time she claims to have looked up and down street,
> car was not more than 150 feet away, with no obstructions
> between, so that she could and must have seen it, her failure
> to step out of place of danger in which she had placed herself
> precludes recovery.

Error to Gogebic; Driscoll (George O.), J. Submitted October 22, 1929. (Docket No. 99, Calendar No. 34,379.) Decided December 3, 1929.

Case by Sophia Kneebone against the Lake Superior District Power Company for personal injuries. From a judgment for plaintiff, defendant brings error. Reversed.

*Jones & Patek*, for plaintiff.

*Waples & Waples* (*Sanborn, Lamoreux & Pray*, of counsel), for defendant.

SHARPE, J. The defendant operates a single-track street railway in the city of Ironwood. It passes along the center line of Aurora street. At about 7 o'clock on the morning of September 28, 1926, one of its cars came from the east on Aurora street, waited for a change in the traffic signal when it reached the intersection with Suffolk street, and then proceeded west on Aurora street. At a point from 60 to 80

Attempting to cross street in front of observed street car as contributory negligence, see annotation in L. R. A. 1917C, 693.

feet west of the west line of Suffolk street, the car collided with the plaintiff, a woman pedestrian, 62 years of age, who was walking on the street near the north rail of the street car track, and injured her. She brought this action to recover the damages sustained by her, due to such injury, and had verdict and judgment for $2,500. Defendant seeks review by writ of error.

The plaintiff had a restaurant business on the west side of Suffolk street, and north of its intersection with Aurora. On the morning she was injured, she left her place of business, intending to go to the Michigan Pack, a meat market on the south side of Aurora street, west of Suffolk. She testified that when she reached the corner of Aurora street she turned west; that a drilling machine stood on the pavement near the corner, with a hose leading from it across the sidewalk into a building; that she left the sidewalk and passed outside of the machine; that she then walked westward on the street, intending to cross over to the meat market; that when about 20 feet east of the place of collision, and quite close to the car track, she stopped and looked to the east, but did not see the street car; that, had she seen it, she would have gotten out of its way; that it came from behind her, and struck her on the left side, and that she did not hear the gong on the car on account of the noise made by the machine.

It is undisputed that when plaintiff reached the corner and turned west on Aurora street the street car stood on the east side of the street intersection, waiting for a change in the traffic signal to permit it to proceed towards the west. This car was 40 feet long, 12 feet high, about 8 feet wide, was painted an orange color, and weighed about 16 tons. There was no obstruction in the street to prevent plain-

tiff's seeing it from the time she reached the corner. Her negligence is conceded, but it is insisted that under her testimony the motorman on the car must have seen her in the perilous position in which she had placed herself, and that his failure to exercise the care possible to avoid the collision was the proximate cause of her injury and rendered the defendant guilty of after-discovered or subsequent negligence as many times defined by this court.

On direct examination, plaintiff testified that when about 20 feet from the place at which she was struck she "stopped and looked up and down the track and I saw nothing coming." On cross-examination she said, "I looked before and I didn't see it. I looked up the street and down the street. I didn't see it." At the time she looked, this large car, painted a bright color, could not have been more than about 150 feet from her. She could and must have seen it. *Champaign* v. *Railway,* 181 Mich. 672; *Molby* v. *Railway,* 221 Mich. 419; *Baader* v. *Railway,* 228 Mich. 104; *Molda* v. *Clark,* 236 Mich. 277; *Kun* v. *Railway Co.,* 240 Mich. 598. Her failure to step out of the place of danger in which she had placed herself precludes her recovery under the rule stated in *Krouse* v. *Railway Co.,* 215 Mich. 139. Defendant's motion for judgment notwithstanding the verdict should have been granted.

The judgment entered is reversed and the cause remanded, with direction to the circuit court to enter a judgment for the defendant, with costs of both courts.

North, C. J., and Fead, Butzel, Wiest, Clark, McDonald, and Potter, JJ., concurred.