BLACK *v.* BENNETT.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Actionable negligence of defendant manufacturer of chemicals is assumed solely for purposes of reaching the question of whether or not plaintiff embalmer was guilty of contributory negligence in his use of embalming fluid which he had purchased from defendant in the ordinary course of trade, where plaintiff appealed from judgment for defendant *non obstante veredicto,* .that had been entered on the sole ground that plaintiff was guilty of contributory negligence as a matter of law.

2. SAME—QUESTIONS REVIEWABLE—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—COMPARATIVE NEGLIGENCE.

The question of a defendant's negligence does not come before the Supreme Court for consideration on plaintiff's appeal from a judgment for defendant *non obstante veredicto* on ground that plaintiff was guilty of contributory negligence as a matter of law if plaintiff was guilty of such negligence, since the doctrine .of comparative negligence does not obtain in this State.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One who is guilty of a want of ordinary care and prudence which contributes directly and proximately to produce an injury to himself cannot recover from another who may also have been guilty of negligence in producing such injury.

4. SAME—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—USE OF EMBALMING FLUID.

Plaintiff embalmer who used an embalming fluid which he had purchased from defendant manufacturer of chemicals, in the ordinary course of trade, in apparatus owned by plaintiff and used by him under his sole control *held,* guilty of contributory

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence § 177.
[2] 38 Am Jur, Negligence §§ 231, 232.
[3, 4] 38 Am Jur, Negligence § 174.
[4] 46 Am Jur, Sales § 807.

negligence as a matter of law in action for injuries resulting in loss of sight in one eye and damage to the other when a hose connection suddenly slipped off the apparatus and sprayed the fluid on plaintiff's face as he was forcing the fluid into the body cavity of a corpulent body, where it appears there was no pressure gauge on the apparatus, like disconnections had occurred previously, plaintiff was not wearing protection on his face, he had used various embalming fluids before, including those made by defendant, and, concededly, use of embalming fluids is considered a hazardous occupation since they may consist of formaldehyde, denatured alcohol, carbolic acid, glycerin and other chemicals.

5. Costs—Briefs.
No costs are allowed on appeal, where judgment is affirmed but appellee filed no brief.

Appeal from Wayne; Brennan (John V.), J. Submitted October 15, 1952. (Docket No. 91, Calendar No. 45,649.) Decided December 9, 1952.

Action by Elton Black against Harry S. Bennett, individually and doing business as Trisco Chemical Company, for damage to eyesight caused when defendant's embalming fluid was projected into plaintiff's eyes while working on a deceased body. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Paul H. Rieker (Donald J. Grant, of counsel), for plaintiff.*

Boyles, J. In 1948 plaintiff was a licensed embalmer * of dead human bodies. Defendant was a chemical manufacturer of embalming fluids. On April 12, 1948, while plaintiff was embalming a human body, using an embalming fluid sold him by the defendant, a hose connection slipped off a "gooseneck" of the equipment being used by plaintiff to

---

* CL 1948, § 338.855 (Stat Ann 1947 Cum Supp § 14.508 [5]). Later superseded by PA 1949, No. 268.

force embalming fluid into the body cavity. As a result, the fluid was sprayed into plaintiff's face causing loss of sight of one eye and damage to the other. Thereupon plaintiff brought the instant suit against the defendant for damages.

On trial by jury, a verdict was returned for the plaintiff which the trial court set aside on the defendant's motion and entered judgment *non obstante veredicto* for the defendant, on the sole ground that the plaintiff was guilty of contributory negligence as a matter of law. Plaintiff appeals solely on that ground, claiming that the trial court erred in so holding. For the purpose of reaching the only question thus raised for our consideration we necessarily assume that the defendant was guilty of actionable negligence.

Plaintiff had been a licensed embalmer with about 10 years' active and continuous experience. He was using an embalming fluid furnished by the defendant in the ordinary course of trade. His injury resulted from the slipping of a hose from a metal spurlike connection on his apparatus containing the fluid. The apparatus was owned by plaintiff and used by him under his sole control. Pressure was generated by a hand-pressed rubber bulb which forced the fluid from a glass container through a rubber hose attached to a trocar (insertion needle) which had been inserted into the abdominal cavity of the corpse. There was no pressure gauge on the apparatus. Upon the disconnection of the hose, the pressure in the fluid container caused the fluid to spray into plaintiff's face and eyes, resulting in the damage complained of.

At the time of the accident, plaintiff was embalming the abdominal cavity of a corpulent body. He knew, from experience, that the abdominal cavity required a different and stronger preservative from that of the arterial system. He had on prior occa-

sions used and was familiar with the embalming fluids manufactured by various companies, including those manufactured by the defendant company. There is no claim that the fluid plaintiff was using was not suitable for the purpose for which it was being used. The fluid used for arterial purposes differed from that used in embalming abdominal cavities. The fluid for the abdominal cavity was very potent, much stronger than that used for the arteries. Plaintiff makes no claim that the fluid being used by him at the time differed in any way from that furnished him by defendant and used by him for the same purpose on prior occasions.

It seems to be conceded that the use of the fluids in the embalming of human bodies is considered as a hazardous occupation. Also, that embalming fluids may consist, among other chemicals, of formaldehyde, denatured alcohol, carbolic acid and glycerin.

The only issue here for consideration is whether the plaintiff was guilty of contributory negligence as a matter of law. Plaintiff was familiar with every phase of embalming, knew its requirements and its hazards. He was familiar with the embalming fluid which he was using at the time of the accident. He furnished his own embalming apparatus and operated this apparatus by himself, without other assistance. He had exclusive control over its use. He had prior experience in the use of this apparatus, including the slipping of the hose from its connection, under pressure. That was not an unusual occurrence nor, from his former experience, could he consider it to be unexpected. No claim is made that the embalming fluid he was using contributed to the hose disconnection. The cause of the sudden disconnection of the hose was the air pressure generated by plaintiff as the operator of the apparatus. The sudden slipping of the hose was brought about when the air pressure created by the operator's hand bulb became

too great to withstand the counterpressure of the trocar theretofore inserted into the abdominal cavity. The plaintiff admitted that at the time of the accident his face and eyes were in no way protected by glasses or in any other way, although on previous occasions a like accident had happened. It is quite obvious that plaintiff knew the dangers in using this apparatus, and that either the apparatus was faulty, or too much pressure was used by the plaintiff under the circumstances.

The record indicates that plaintiff was familiar with and understood the poisonous, irritating and otherwise injurious effects of the embalming fluids in common use. He does not claim that he did not know that the fluid he was using contained carbolic acid.

Plaintiff claims that the defendant was guilty of negligence in furnishing him unusually strong cavity embalming fluid, of unusual potency, without informing plaintiff of its chemical composition. If plaintiff was guilty of contributory negligence as a matter of law in the use of his equipment, the question of the defendant's negligence does not come before us for consideration. The doctrine of comparative negligence does not obtain in this State. If plaintiff was guilty of want of ordinary care and prudence, which contributed directly and proximately to produce the injury, he cannot recover.

We agree with the trial court that the plaintiff was guilty of contributory negligence as a matter of law, which was the proximate cause of the accident resulting in his injury, and which bars recovery.

Affirmed, without costs, appellee not having filed a brief in this Court.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.