SHAFKIND v. KROLL.

1. Automobiles—Negligence—Bicycles.

Whether or not westbound defendant motorist at dusk in December was causally negligent, as charged by plaintiffs, in striking 10-year-old northbound bicyclist on westerly side of intersection when he was several feet north of the centerline *held*, properly left to jury.

2. Same—Bicyclist—Discovered Negligence.

The discovered negligence rule was not applicable to westbound motorist on north side of street at dusk in December in colliding with 10-year-old bicyclist who was several feet north of centerline on westerly side of intersection, where his causally negligent conduct continued until time of impact.

Appeal from Wayne; Rashid (Joseph G.), J. Submitted April 12, 1962. (Docket Nos. 15, 16, Calendar Nos. 49,380, 49,381.) Decided July 2, 1962.

Case by Albert Shafkind, a minor, by his next friend, Nathan Shafkind, against Freda Kroll for personal injuries sustained when struck by automobile while riding bicycle. Derivative suit by Nathan Shafkind. Cases consolidated for trial and appeal. Verdict and judgments for defendant. Plaintiffs appeal. Affirmed.

References for Points in Headnotes

[1] 5A Am Jur, Automobiles and Highway Traffic § 1040.
   Reciprocal duties of automobile driver and bicyclist.   172 ALR 736.
[2] 5A Am Jur, Automobiles and Highway Traffic § 693 *et seq.*
   Last clear chance doctrine.   171 ALR 365.

*Albert Lopatin,* for plaintiffs.

*Erickson, Dyll, Marentay & Slocum (Milo M. Rouse,* of counsel), for defendant.

BLACK, J.   The sole question is whether, in these consolidated jury-tried traffic accident cases, the trial judge should have granted plaintiffs' timely request for instruction that the defendant motorist could, depending of course on jury view of the presented facts, be held liable for what we call subsequent or discovered negligence. See—in Prosser on Torts (2d ed), § 52, p 291—discussion of what, since *Davies* v. *Mann,* 10 M & W 546 (152 Eng Rep 588, 19 Eng Rul Cas 190), has been known as the "jackass doctrine."* The jury returned a general verdict for defendant. Judgments for defendant thereupon entered. Plaintiffs appeal.

Plaintiff Albert Shafkind, then aged 10, received from his parents a used bicycle earlier in the day of presently scrutinized events. On account of maladjustment or want of repair the operating mechanism thereof was indirectly responsible for that which occurred at dusk or shortly after on December 21, 1957.

East-west Curtis and north-south Roselawn intersect, in Detroit, near the Bagley school in a so-called residential area. Roselawn, from curb to curb, is 28 feet wide south of Curtis and 30 feet wide north of Curtis. Curtis is 36 feet wide between curbs. The defendant motorist approached and entered the intersection from the east on the proper side of Curtis

---

* Referring to "the celebrated case of *Davies* v. *Mann,*" the text-writer of American Jurisprudence says "The decision was merely to the effect that the negligence of the plaintiff in leaving his donkey on the highway so fettered as to prevent it from getting out of the way of carriages did not preclude recovery against the defendant who had negligently driven his carriage against the animal." 38 Am Jur, Negligence, § 216, p 902.

and, although her headlamps were lighted properly, failed to see Albert or Albert's bicycle until actual collision of her car with them. She was driving according to some of the witnesses at a rate of speed higher than the posted limit. It is manifest that the issue whether she was or was not causally negligent, as charged by plaintiffs, became one for jury determination.

Some time prior to defendant's approach Albert undertook to cross Curtis, from south to north on the westerly side of Roselawn. ' He was having trouble with the propulsion chain "skipping" or "slipping" and, apparently on that account, started to cross Curtis from the south curb by "straddling" the bicycle or, as described by him, "walking it." Walking the bicycle in such manner he arrived at or just short of the center line of Curtis. There, his pant leg having become entangled either with the chain or the pedal, Albert stopped for some 30 to 40 seconds (or possibly a minute as 1 witness estimated) in order to free his leg and clothing preparatory to riding the bicycle.

While Albert was stopped 4 disinterested witnesses, approaching in an automobile from the west on Curtis, saw his trouble and brought their car to a stop, on the south side of Curtis, abreast and just short of Albert's position. Their car remained in such position until Albert was ready to proceed, at which time the car was started forward and to the east on Curtis. Albert thereupon undertook to continue north across the northerly portion of Curtis. He did not see defendant's car approaching at any time. As he started Albert was riding the bicycle. He continued riding it until impact. How far he progressed is disputed as well as uncertain. An officer estimated that the point of impact was "approximately 3 or 4 feet to the north of the centerline." Whatever the distance, Albert was struck while rid-

ing, as indicated, by the left front portion of defendant's westbound car. He was seriously injured.

The stated question must be answered in the negative. Whether the defendant motorist was causally negligent and, if so, whether Albert was contributorily negligent, were typical questions which the trial judge submitted to the jury according to standard instructions. It is quite true that Albert was not causally negligent prior to the time he started to ride northerly from the center—or near center—of the pavement. From that time on, however, his conduct was such that, if it constituted negligence, the causative effect thereof continued right up to the time of impact.

The fact is that the plaintiff rider and the defendant motorist, each blindly, pursued and continued to pursue what men of the sea call "a collision course." There was, in such circumstances, no room for jury consideration of the discovered negligence rule. In sum, there is no proof or fair inference from proof that there was sufficient time and sufficient distance allotted for preventive action by defendant after Albert started to ride forward toward the north curb.

See *Duffy* v. *Enright Topham Co.,* 282 Mich 662 (3 NCCA NS 123) ; *Ertzbischoff* v. *Smith,* 286 Mich 306; *Davidson* v. *City of Detroit,* 307 Mich 420; *St. John* v. *Nichols,* 331 Mich 148; *Schmid* v. *Morehead,* 333 Mich 611; and *Dunn* v. *City of Detroit,* 349 Mich 228, for full exposition of our consistent rule that the doctrine of discovered negligence cannot be considered or applied in the absence of proof showing or tending to show that the plaintiff's negligence had put him in a position of peril; that such negligence thereafter ceased to operate as an efficient cause of the pleaded injury; that the defendant could and should have discovered the plaintiff's peril in time to avoid such injury by the employment of safe

means at ready hand, and that the defendant failed to so discover and act as would a person exercising due care under like circumstances.

Judgments affirmed, with costs to defendant.

CARR, C. J., and DETHMERS, KELLY, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.