MOTLEY v ROBINETTE

1. Negligence—Subsequent Negligence—Last Clear Chance—
   Concurrent Negligence—Contributory Negligence.

   The doctrine of subsequent negligence is inapplicable where each
   party had an equal opportunity to avoid the injury up to the
   instant preceding the injury because it cannot be said that
   either party had the last clear chance to avoid the injury; a
   plaintiff's concurrent negligence will constitute contributory
   negligence and thus bar his recovery.

2. Negligence—Subsequent Negligence—Elements.

   The elements of subsequent negligence are that (1) plaintiff's
   negligence has put him in a position of danger, (2) plaintiff's
   negligence has ceased to operate as the proximate cause of the
   accident, (3) defendant discovered, or should by the exercise of
   ordinary care have discovered, plaintiff's peril, and (4) defend-
   ant by use of the means at hand had time to avert the
   threatened injury.

3. Automobiles—Negligence—Subsequent Negligence—Question
   of Fact.

   The issue of subsequent negligence should be submitted to the
   jury where a plaintiff driver, whose negligence caused an
   automobile collision, remained in her car which was disabled
   and blocking the roadway and who was thereafter injured
   when her car was struck by another car driven by the defend-
   ant, where evidence was presented which gave rise to a ques-
   tion of fact as to whether the plaintiff was able to exit her car
   and thus remove herself from her position of peril; whether a
   reasonably prudent person under the same or similar circum-
   stances would have chosen to remain in the car or to have
   exited, if it should be determined that the plaintiff could have
   exited from her car, is a question of fact for the jury.

References for Points in Headnotes
[1–3, 5] 57 Am Jur 2d, Negligence §§ 388, 399.
   Doctrine of last clear chance. 171 ALR 365.
[4–6] 57 Am Jur 2d, Negligence § 178.

4. NEGLIGENCE—CONCURRENT NEGLIGENCE—TEST—OPPORTUNITY TO AVOID INJURY.

    The test of concurrent negligence is whether, up to the moment of injury, a plaintiff had as much opportunity as did a defendant to avoid the injury-causing accident; if so, the negligence is concurrent and the plaintiff cannot recover damages from the defendant, but, if the defendant discovered or should have discovered the plaintiff's peril, and in the exercise of ordinary care could have avoided the injury, he will be liable.

5. AUTOMOBILES—NEGLIGENCE—CONCURRENT NEGLIGENCE—SUBSEQUENT NEGLIGENCE—QUESTION OF FACT—INSTRUCTIONS TO JURY.

    In an action for damages for negligence arising out of the collision of two automobiles wherein the concurrent negligence of the plaintiff is a question of fact, the jury must be instructed on both concurrent negligence and subsequent negligence because whether the plaintiff's action or inaction was negligent, and if so, whether it continued up to the moment of impact, are crucial questions of fact which should be left to the jury.

6. NEGLIGENCE—INSTRUCTIONS TO JURY—INTOXICATION—STANDARD OF CARE—CONCURRENT NEGLIGENCE.

    A trial judge properly instructed the jury that one who voluntarily impairs his ability by consumption of alcoholic beverages is held to the same standard of care as one whose abilities have not been impaired by drinking where the plaintiff in an automobile negligence case testified that she had had four drinks prior to the accident and where her possible concurrent negligence was in issue; the jury could have inferred that the plaintiff's estimate of her libation was low, that she was more intoxicated than she claimed, and that her failure to extricate herself from a position of danger, if negligent, was influenced by her inebriation.

    Appeal from Oakland, Richard D. Kuhn, J. Submitted June 13, 1975, at Detroit. (Docket No. 20221.) Decided September 23, 1975. Leave to appeal applied for.

    Complaint by Flora E. Motley and Samuel Motley against Charles E. Robinette for damages for injuries incurred in an automobile collision. Judg-

ment for defendant. Plaintiffs appeal. Reversed and remanded.

*Ripple & Chambers,* P. C. for plaintiffs.

*Hartman, Beier, Howlett, McConnell & Googasian,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. The plaintiffs, Flora and Samuel Motley, appeal from a judgment of no cause of action entered upon a jury verdict on March 27, 1974, in Oakland County Circuit Court. We reverse.

On January 18, 1970, between 2:30 a.m. and 3 a.m., plaintiff Flora Motley, while proceeding west on M-59 in Oakland County, collided with an automobile driven by one Turpin. Plaintiff testified that she had consumed four alcoholic drinks during the preceding four hours. The plaintiff's auto and the Turpin auto were immobilized by the collision and blocked the east-bound lane on the two-lane highway.

Shortly after the collision, a Mr. Mitchell came upon the scene and stopped to render assistance. Mitchell parked on the north side of the highway just west of the disabled vehicles, turned on his four-way flashers, and approached plaintiff's vehicle. Finding plaintiff shaken, but not visibly injured, Mitchell advised her to remain in the car, and he proceeded to direct traffic with his flashlight. The night was cold and there was blowing snow. Other drivers stopped to render assistance. One man stationed himself on the south side of the highway with Mr. Mitchell and another stationed himself on the north side of the highway to

assist in directing traffic with flashlights. A pickup truck stopped, and Turpin took refuge therein. The truck's cab lights were illuminated.

A period of from 5 to 20 minutes elapsed, during which an undetermined number of vehicles passed the scene without incident. Defendant Robinette then came upon the scene proceeding east, travelling at an estimated 45–50 miles per hour and struck plaintiff's car, injuring plaintiff and causing further damage to her vehicle.

In a prior action, plaintiff was held to be liable to Turpin for damages caused by the first collision. Plaintiff's insurer settled defendant's claim against plaintiff. The instant case is plaintiff's countersuit against defendant.

At the close of plaintiff's proofs, defendant moved for directed verdict on the grounds that subsequent negligence was not properly before the court because it did not appear in the pleadings and because there were insufficient proofs on the elements of subsequent negligence. The trial court agreed with defendant's contention and defendant thereupon rested without offering any proofs. The plaintiff requested that should the court instruct the jury on contributory negligence, they also be read Standard Jury Instruction 14.01 dealing with subsequent negligence. The court refused and plaintiff objected. The court also read Standard Jury Instruction 13.02 which instructs on the standard of care to be exercised by one whose abilities are impaired by voluntary intoxication. The plaintiff objected to this instruction as well. The jury returned a verdict of no cause of action.

The plaintiff brings two allegations of error on appeal: 1) that it was error for the trial judge to refuse to give instructions on the issue of subsequent negligence, and 2) that it was error for the

judge to read Standard Jury Instruction 13.02 relative to one who "voluntarily impairs her driving".

The plaintiff requested Standard Jury Instruction 14.01 be given, which reads as follows:

"Even though you find plaintiff by her own negligence placed herself in a position of danger, that will not defeat plaintiff's claim for damages if defendant failed to use ordinary care with the means at hand after defendant knew or should have known of plaintiff's danger."

The Note On Use accompanying Standard Jury Instruction 14.01 states:

"This instruction should be used only where there is evidence of plaintiff's precedent negligence, placing him in a position of danger. If the negligence of a plaintiff is concurrent with the negligence of a defendant, the instruction is not applicable."

The trial judge apparently ruled that the negligence of the plaintiff was concurrent as a matter of law. He stated:

"The Court finds that the plaintiff was able to remove herself from the peril and did not do so. There is no testimony why she did not, there was some testimony that the driver's door was jammed or stuck or couldn't get it open, but there was no indication of injury, no indication that she couldn't go out go out (sic) the passenger's side of the car. The plaintiff was well aware of M-59, well aware that was a main thoroughfare and should have removed herself from the car after the accident, and that is one of the prerequisites for subsequent negligence."

We find that a brief review of the doctrine of

subsequent negligence, or "last clear chance" as it is called in many jurisdictions, is here required.

While contributory negligence and subsequent negligence are often closely related in the facts of a particular case, they proceed on entirely different rationales and serve distinctly different policies. Contributory negligence bars a plaintiff's recovery on the theory that a plaintiff should not be allowed to recover for an injury of which he is partly the cause. *Klein v Detroit Metallic Casket Co,* 336 Mich 157; 57 NW2d 477 (1953). Contributory negligence can be quite harsh if the negligence of the defendant is relatively great compared with the negligence of the plaintiff. *Black v Bennett,* 335 Mich 197; 55 NW2d 795 (1952), *Wieczorek v Merskin,* 308 Mich 145; 13 NW2d 239 (1944), *Mogill v Resnick,* 263 Mich 103; 248 NW 562 (1933), *Grabowski v Seyler,* 261 Mich 473; 246 NW 189 (1933).

Subsequent negligence, on the other hand, provides that where two parties are negligent, and the risk of injury is imminent, and one party is in a position to avoid the injury while the other is not, the party who has the "last clear chance" to avoid the injury has a duty to do so, the breach of which will give rise to his liability in negligence. *Krouse v Southern Michigan R Co,* 215 Mich 139; 183 NW 768 (1921), see James, *Last Clear Chance: A Transitional Doctrine,* 47 Yale L J 704 (1938), and MacIntyre, *The Rationale of Last Clear Chance,* 53 Harv L Rev 1225 (1940). The doctrine is inapplicable where each party had an equal opportunity to avoid the injury up to the instant preceding the injury, because then it cannot be said that either party had the "last clear chance" to avoid the injury. Thus, it is said, subsequent negligence does not apply where the negligence of

the parties is concurrent, because the plaintiff's concurrent negligence will constitute contributory negligence and thus bar his recovery. *Schmid v Morehead,* 333 Mich 611; 53 NW2d 570 (1952), *Davidson v Detroit,* 307 Mich 420; 12 NW2d 413 (1943), *Routt v Berridge,* 294 Mich 666; 293 NW 900 (1940).

Much of the controversy in the cases turns on the question of what kinds of negligence should be said to continue, and when it can be said to cease to operate as the proximate cause of the injury. If the court finds the negligence to continue to operate, this will amount to a finding of concurrent negligence. If, on the other hand, the court finds the negligence of the plaintiff had ceased to operate as a proximate cause, the subsequent negligence of defendant becomes an issue. *Conant v Bosworth,* 332 Mich 51; 50 NW2d 842 (1952), *Gallagher v Walter,* 299 Mich 69; 299 NW 811 (1941), *Howell v Hakes,* 251 Mich 372; 232 NW 216 (1930).

The Michigan Supreme Court has laid down the elements of subsequent negligence. The elements are as follows:

1. Plaintiff's negligence has put him in a position of danger.

2. Plaintiff's negligence has ceased to operate as the proximate cause of the accident.

3. Defendant discovered plaintiff's peril or should by the exercise of ordinary care have discovered plaintiff's peril.

4. Defendant by use of the means at hand had time to avert the threatened injury. *Davidson v Detroit,* 307 Mich 420, 430; 12 NW2d 413, 416–417 (1943).

In the instant case no one disputes that the negligence of plaintiff pursuant to the collision with Turpin had ceased to operate when her vehi-

cle came to rest on M-59. The trial court, however, found the plaintiff's act of remaining in the vehicle, rather than removing herself from the zone of danger, constituted negligence which continued to operate up to the moment of impact and therefore found subsequent negligence not to be an issue in the case; hence, his refusal to charge the jury thereon. We respectfully disagree with the trial judge.

The record contains evidence that the plaintiff's door was jammed, that she attempted to get it open, and asked for help in so doing. A question of fact is presented, therefore, as to whether plaintiff was, in truth, unable to extricate herself from her predicament. If the trier of fact answers this question in the negative, there can be no concurrent negligence and the jury should be charged on subsequent negligence. The issue should have been submitted to the jury.

Further, if the trier of fact determines that the plaintiff could have exited from her vehicle, the next question is whether a failure to do so constitutes negligence. Plaintiff was shaken; passersby were directing traffic with flashlights; she was advised by one who had taken charge of the situation to stay in the car. Whether a reasonably prudent person under the same or similar circumstances would have chosen to remain in the car or exited to seek shelter in a nearby vehicle is a question of fact for the jury. We cannot say, as a matter of law, that the record is insufficient to support a finding that plaintiff acted reasonably in remaining in her vehicle. If the jury determines that the plaintiff was not negligent in remaining in her vehicle, the issue of subsequent negligence must be considered and the jury should be so charged.

If the trier of fact determines that plaintiff was able to exit from her vehicle, and was negligent for failure to do so, subsequent negligence remains an issue because we are still left with the classic "last clear chance" situation. The question then becomes, as between plaintiff and defendant, was one in a position to avoid the injury when the parties discovered, or should have discovered, the immediate peril of the situation. There is no dispute as to whether plaintiff could have avoided the property damage caused by defendant, because plaintiff's car was disabled. But, could she have avoided her personal injuries? After discovering, or after she should have discovered, that defendant was "helpless" by being unable to stop, if plaintiff could have avoided injury by leaping from the car prior to impact, in the exercise of ordinary care, her failure to do so would be concurrent negligence. The test of concurrent negligence is not whether plaintiff could have avoided being in a dangerous situation. If this were the case, arguably all contributory negligence would be concurrent. The test is whether, up to the moment of injury, plaintiff had as much opportunity as did defendant to avoid the accident. If so, the negligence is concurrent, and plaintiff cannot recover. If, on the other hand, defendant discovered or should have discovered plaintiff's peril, and if he, in the exercise of ordinary care, could have avoided the injury, he will be liable (his liability being in simple negligence if plaintiff was not negligent, and his liability being for subsequent negligence if plaintiff was negligent) unless of course it is found that up to the moment of injury plaintiff had an equal opportunity to avoid the injury. Thus, the point at which the question of subsequent negligence becomes material is that point when the parties discovered or should have

discovered each other's predicament, and not some anterior point in time.

Cases dealing specifically with collisions between moving vehicles and disabled vehicles are relatively few. See Annotation, *Applicability of Last Clear Chance Doctrine To Collision Between Moving and Stalled, Parked, or Standing Motor Vehicle,* 34 ALR3d 570. In a minority of such cases, the occupant of the stalled vehicle was held to have the last clear chance to avoid the injury. *Robards v American Automobile Ins Co,* 128 So 2d 44 (LA App 1961), *Guillotte v Firemen's Ins Co of Newark, NJ,* 207 So 2d 783 (LA App 1967), see *Gibbs v Mikesell,* 183 Kan 123; 325 P2d 359 (1958). In the majority of such cases, however, the issue was whether the driver of the moving vehicle had the last clear chance of avoiding the injury.

In *Summers v Randall,* 123 Cal App 2d 113; 266 P2d 217 (1954), the plaintiff exited from a disabled vehicle and was killed by defendant's truck. The California Court of Appeals held that a jury could have found that plaintiff was negligent in getting out of the car and having gotten on the highway, thereby putting herself into a position from which she could not have escaped by the exercise of ordinary care.

"As it turned out, she would have been safer if she had remained in the car, which was a circumstance for a jury to consider in deciding whether she was negligent in alighting onto the middle lane of traffic." *Summers, supra,* at 117; 266 P2d at 219.

In *West v Jack Cooper Transport Co,* 381 SW2d 872 (Mo 1964) (applying Kansas law), plaintiff was held not to have a duty as a matter of law of getting out of his stalled vehicle during the 20 or 30 seconds that elapsed prior to the actual colli-

sion or during the 5 seconds that defendant's truck was skidding down the hill toward him, since plaintiff's reactions could not have been considered entirely normal after his experience of spinning and sliding down the hill.

This Court held in *Fessenden v Roadway Express,* 46 Mich App 276; 208 NW2d 78 (1973), that where weather was damp and foggy and defendant was unable to see more than one car length in front of him, and defendant was proceeding at a speed of 40 to 50 miles per hour, and defendant was suddenly confronted with plaintiff's automobile sitting crossways in his lane with no lights on, the trial judge erred when he found that there was not sufficient evidence to establish that plaintiff's negligence had come to rest and removed from the jury the question of subsequent negligence.

The Michigan Supreme Court in *Krouse v Southern Michigan R Co,* 215 Mich 139; 183 NW 768 (1921), upheld the trial court in its finding that plaintiff's negligence was concurrent when plaintiff remained in a stalled automobile on a railroad track after seeing an approaching train some 800 feet away. The Court stated that plaintiff "introduced through her own inaction the negligent act of remaining in a place of danger when she could have just as well have stepped to a place of safety". *Krouse, supra,* at 145; 183 NW at 770. The Court stated that the rule of subsequent negligence applies where "the plaintiff cannot, and the defendant can, prevent the injury". *Krouse, supra,* at 147; 183 NW at 771.

The case of *Shafkind v Kroll,* 367 Mich 42; 116 NW2d 58 (1962), concerned a collision between a motorist and a bicyclist where the evidence showed that neither had seen the other prior to the moment of impact. There the Court upheld the

trial court in its refusal to charge the jury on the issue of subsequent negligence.

In the case at bar a difficult fact question is presented. In the few seconds remaining after the plaintiff and defendant discovered or should have discovered the imminence of a collision, did either have an opportunity to avoid the injury? If plaintiff did, she cannot recover, because her failure to avoid the injury would constitute concurrent and contributory negligence. If plaintiff did not, but defendant did, have such an opportunity, plaintiff can recover. Such a difficult question of fact should be resolved by the jury. We think that the evidence in the record, if believed by the trier of fact, could reasonably support a finding of defendant's liability based on subsequent negligence, and that it was therefore reversible error for the trial judge to refuse to charge the jury on subsequent negligence.

Where, as in the instant case, the concurrent negligence of the plaintiff is a question of fact, reliance by a trial judge on Standard Jury Instruction 14.01 without more will mislead the jury, because it would seem to authorize recovery by the plaintiff whether or not plaintiff is concurrently negligent. On the other hand, if a trial judge refuses to read Standard Jury Instruction 14.01 or otherwise charge on subsequent negligence, the question of concurrent negligence is taken out of the hands of the jury, and the jury is directed, in effect, not to consider a theory of recovery based on subsequent negligence. Whether plaintiff's action or inaction was negligent, and if so, whether it continued up to the moment of impact, are crucial questions of fact which should be left to the jury.

An example of a suitable instruction in a situa-

tion where concurrent negligence of the plaintiff is a question for the jury is to be found in *LaCroix v Grand Trunk Western R Co,* 379 Mich 417, 437; 152 NW2d 656, 665 (1967):

" 'Whether Mr. LaCroix's injuries were due solely to the negligence of defendant's engine crew without contributory negligence on his part, or, on the other hand, were due to the subsequent negligence of the engine crew after Mr. LaCroix's negligence had placed him in a position of peril and then ceased to operate as a proximate cause of the ensuing injuries, in either event Mr. LaCroix would be entitled to recovery. If defendant's engine crew discovered, or in the exercise of due care should have discovered, Mr. LaCroix in a position of peril in sufficient time to be able by the exercise of due care and diligence in the use of the means at hand to avoid injury to him but failed to exercise such care and use such means with the result that he was injured by reason of such neglect of the engine crew, then the railroad is liable to him for damages regardless of whether he came into such position of peril without fault or negligence on his part or through his own negligence [in violating a statute or otherwise] which had ceased to operate as a proximate cause of the ensuing injury.' "[1]

Plaintiff's second allegation of error is that the judge erred in giving Standard Jury Instruction 13.02. We disagree. Plaintiff testified that she had consumed four drinks. The jury was not compelled to believe her, even if such testimony was uncontroverted, since she was an interested party. *Barr v Guelph Patent Cask Co,* 129 Mich 278; 88 NW 640 (1902). The jury could well have inferred that plaintiff's estimate of her libation was low, and

---

[1] This is the same suggestion we made in *Zeni v Anderson,* 56 Mich App 283, 302; 224 NW2d 310, 320–321 (1974), *lv granted,* 393 Mich 804 (1974), where the issue of the concurrent negligence of the plaintiff was held to be a question of fact for the trier of fact.

that she was more intoxicated than she claimed. The trier of fact could reasonably conclude that plaintiff's decision to remain in the car after the first collision, if negligent, was influenced by her inebriation, and likewise, that her inability to leap from the car as defendant approached was due, in part at least, to her state of intoxication. Since these questions bear on the issue of plaintiff's possible concurrent negligence, we think the trial judge was correct in reading Standard Jury Instruction 13.02.

Reversed and remanded.

D. E. HOLBROOK, JR., J., concurs in the result only.